IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>and<br>LOUISIANA DEPARTMENT OF<br>ENVIRONMENTAL QUALITY,<br><br>                    Plaintiffs,<br>v.<br><br>MOSAIC FERTILIZER, LLC,<br><br>                    Defendant. | No. 2:15-cv-04889-CJB-KWR |

**STIPULATED PROTECTIVE ORDER REGARDING
<u>CONFIDENTIAL INFORMATION AND DOCUMENTS</u>**

It is hereby Ordered that this Stipulated Protective Order Regarding Confidential Information ("Protective Order") shall apply with respect to certain documents and other information ("Confidential Information" as defined below) disclosed, received or generated in connection with settlement negotiations in the above-captioned case. This Protective Order establishes the obligations of persons having custody or control of Confidential Information to protect it from unauthorized use or disclosure.

1. <u>Definitions</u>:

    i. "Plaintiffs" shall mean to the United States of America ("United States") and the Louisiana Department of Environmental Quality ("LDEQ"). The obligations of Plaintiffs under this Protective Order also extend to their counsel.

    ii. "Defendant" or "Mosaic" shall mean Mosaic Fertilizer, LLC. The obligations of Defendant under this Protective Order also extend to its counsel.

    iii. "Parties" shall refer collectively to Plaintiffs and Defendant, each of which may be referred to singularly as "Party."

    iv.    "Consent Decree" shall mean the Consent Decree lodged in this action on September 30, 2015, and filed in corrected form on June 24, 2016, including its Appendices ("CD Appendices").

    v.    "Confidential Information" shall mean:

1) All documents and information provided by Mosaic to the Plaintiffs that relate to those portions of the CD Appendices that have been or will be filed under seal in this case pursuant to Mosaic's request for confidential treatment under 40 C.F.R. Part 2, Subpart B;

2) All communications between the Parties including electronic communications, relating to the documents and information covered by Subparagraph 1); and

3) All notes, reports, analyses, commentaries, excerpts, summaries or other materials generated or exchanged, including electronically, by Plaintiffs or their counsel, experts or contractors that relate to documents or information covered by Subparagraphs 1) and 2) above.

Confidential Information does not include publicly available information or information that Mosaic may make public after entry of this Protective Order.

2. No Confidential Information shall be used by Plaintiffs for any purpose, except for lawful regulatory or enforcement purposes, and as necessary to secure approval of the Settlement by this Court or thereafter to oversee and to enforce Mosaic's compliance with the Consent Decree.

3. Confidential Information shall not be disclosed by Plaintiffs to any person outside their respective federal or state departments or agencies without the prior written consent of Mosaic or an order of the Court, except as follows: Plaintiffs may share Confidential Information with (i) expert consultants and contractors with a need to see such information for the purpose of monitoring compliance with or enforcing the Consent Decree; (ii) other federal or state government departments or agencies for regulatory or law enforcement purposes; and (iii) persons employed by Plaintiffs to provide copying, data entry, data processing or storage, email management, computer imaging, and similar clerical support services; provided that such experts, contractors or other

persons have been advised of the sensitivity of the Confidential Information and have agreed to maintain it as confidential.

4. The Plaintiffs aver that those portions of the CD Appendices that have been or will be filed with the Court under seal in this case have been and shall be managed pursuant to 40 C.F.R. Part 2, Subpart B, and that Confidential Information relating to those materials is being maintained as confidential law enforcement information. The Plaintiffs and all persons designated in Paragraph 3, above, who possess or receive Confidential Information shall disclose such information only to persons authorized to receive it under this Protective Order, and shall take appropriate steps to avoid the release of Confidential Information to other persons.

5. A Party or other person making inadvertent disclosure of Confidential Information must give prompt notification, in writing, to the Parties when such inadvertent disclosure is discovered, and shall take all reasonable steps to retrieve such inadvertently disclosed Confidential Information and prevent it from further dissemination.

6. Nothing in this Protective Order shall prevent Plaintiffs from using at an evidentiary hearing or at trial in an action pertaining to Mosaic any information or materials designated as Confidential Information; the treatment of Confidential Information in such a setting shall be the subject of a further order of the Court at an appropriate time.

7. This Protective Order does not constitute a determination that documents or information defined herein as Confidential Information are or are not entitled to confidentiality pursuant to Fed. R. Civ. P. 26(c)(7), 40 C.F.R. Part 2, Subpart B, or any other statute, regulation, applicable court order or rule, or common law rule, restricting disclosure.

8. Should any non-Party seek disclosure of Confidential Information from the Plaintiffs by way of subpoena, bona fide discovery request, or request pursuant to a federal or state Freedom

of Information Act ("FOIA"), the Plaintiff receiving the request shall, by hand delivery, facsimile, or e-mail transmission, promptly send that portion of the request relating to Confidential Information to counsel for Mosaic. Unless Mosaic waives its claim of confidentiality over the requested documents, the recipient of the request will inform the non-Party seeking disclosure that the documents requested are Confidential Information protected by this Protective Order and that such non-Party will have to seek a ruling from the Court authorizing release.

9. Nothing in this Protective Order shall limit or affect the authority or duty of the Plaintiffs to: (a) respond to requests for information submitted pursuant to a federal or state FOIA or any other applicable law or regulation for information other than Confidential Information; (b) review claims of confidentiality made with respect to any Confidential Information or other information in accordance with 40 C.F.R. Part 2, or any other applicable law or regulation; and (c) to release Confidential Information pursuant to a final Court order authorizing such release notwithstanding this Protective Order. Neither shall anything in this Protective Order limit or affect any right of Mosaic to challenge the designation or release of such information.

10. In order to avoid the possibility of inconsistent decisions, and to promote judicial economy, the Parties agree that this Court is the proper venue for any challenge to a determination by Plaintiffs that information requested under FOIA either is or is not Confidential Information subject to this Protective Order. Should this Court decide not to hear such challenge, then the challenging party may bring the challenge in another court with jurisdiction over the matter.

11. The restrictions on disclosure of Confidential Information provided for herein shall continue to be binding upon the Parties, and on all other persons to whom Confidential Information has been disclosed pursuant to the provisions of this Protective Order or any other order of the Court, until termination of the Consent Decree in accordance with its terms. If either Plaintiff retains Confidential Information following the termination of the Consent Decree, it shall continue

to be subject to this Protective Order so long as the Party retains such Confidential Information, unless or until Mosaic either withdraws its claim of confidentiality or makes the information public, or this Court (or another court if this court declines to exercise jurisdiction) determines that Mosaic's claim of confidentiality is invalid or has expired.

12. Nothing in this Protective Order shall limit or affect the right of Mosaic to disclose, to authorize disclosure of, or to use in any way, its own Confidential Information. But public disclosure of Confidential Information by Mosaic or by The Mosaic Company, its parent company, shall release Plaintiffs from the obligations of this Protective Order with respect to that information.

13. Nothing in the Protective Order shall limit or affect the authority or duty of EPA or LDEQ to collect information from Mosaic pursuant to their respective regulatory authorities.

14. Any Party may request that the Court modify or otherwise grant relief from any provision of this Order.

SO STIPULATED this 24th day of June, 2016:

Attorneys for Defendant Mosaic Fertilizer LLC

_____
LESTER SOTSKY
Arnold & Porter LLP
601 Massachusetts Ave, NW
Washington, DC 20001
(202) 942-5170

Attorneys for the United States

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division

By _____
DEBORAH M. REYHER
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 514-4113

Attorney for the Louisiana Department of

5

Environmental Quality

/s/ *Kathy M. Wright*
Kathy M. Wright (LA Bar Roll # 30804)
Office of the Secretary
Legal Affairs Division
Louisiana Dept. of Environmental Quality
P.O. Box 4302
Baton Rouge, Louisiana 70821-4302
Phone: (225) 219-3985
(Signed by Filing Attorney with permission of Non-filing Attorney)

SO ORDERED this 6th day of July, 2016.

_____
CARL BARBIER
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF LOUISIANA